Justin Cilenti (GC 2321)
Peter Hans Cooper (PHC 4714)
CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SURIMASS LIMSUVANROT, on behalf of herself, and others similarly situated, | Case No.: 25 CV 8249 |
| Plaintiff, | FLSA COLLECTIVE ACTION COMPLAINT |
| -against- | |
| HATSUHANA OF U.S.A., INC., and KEITA SATO, and KIKUZO SHIRAISHI, individually, | Jury Trial Demand |
| Defendants. | ECF Case |

Plaintiff, Surimass Limsuvanrot ("Plaintiff"), on behalf of herself and other similarly situated employees, by and through her undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants Hatsuhana of U.S.A., Inc. d/b/a Hatsuhana Sushi Restaurant ("Hatsuhana"), or any other business entity doing business as Hatsuhana Sushi Restaurant, located at 17 East 48th Street, New York, New York 10017, and Keita Sato and Kikuzo Shiraishi, individually (Hatsuhana and the individual defendants are collectively referred to as the "Defendants") and states as follows:

**INTRODUCTION**

1.    Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), she is entitled to recover from the

Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) tips improperly misappropriated by Defendants; (3) tips improperly withheld by Defendants; (4) liquidated damages; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law, she is entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) unpaid "spread of hours" premiums for each day she worked more than ten (10) hours; (3) tips improperly misappropriated by Defendants; (4) wages and tips withheld by Defendants; (5) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is an adult resident of Queens Country, in the City of New York.

6.      Defendant, Hatsuhana of U.S.A., Inc., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 17 East 48th Street, New York, New York 10017.

7.    Defendant, Hatsuhana of U.S.A., Inc., owns and operates a sushi restaurant doing business as "Hatsuhana", located at 17 East 48th Street, New York, New York 10017.

8.    Defendant, Keita Sato, is the President, officer, shareholder, owner, proprietor, supervisor, and/or managing agent of Hatsuhana of U.S.A., Inc., who actively participates in the day-to-day operations of the restaurant, and acted intentionally and willfully, and is an employer, pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendant.

9.    Defendant, Kikuzo Shiraishi, is an officer, shareholder, owner, proprietor, supervisor, and/or managing agent of Hatsuhana of U.S.A., Inc., who actively participates in the day-to-day operations of the restaurant and acted intentionally and willfully, and is an employer, pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendant.

10.    The individual defendants Keita Sato and Kikuzo Shiraishi jointly exercise control over the terms and conditions of their employees' employment in that they have the power and authority to, and do in fact: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

11.    Defendant Keita Sato owns and manages Hatsuhana and makes decisions concerning payroll practices which directly affect his employees' employment.

12.     Defendant Keita Sato creates and implements crucial business policies, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are to receive, and the method and manner by which the employees are paid.

13.     Defendant Kikuzo Shiraishi supervised and controlled the work of his employees, including Plaintiff, and supervised and made decisions concerning payroll practices which affected the quality of his employees' employment.

14.     Defendant Kikuzo Shiraishi creates and implements crucial policies and procedures at Hatsuhana, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are to receive, and the method and manner by which the employees are paid.

15.     The individual defendants Keita Sato and Kikuzo Shiraishi are present on the premises of the restaurants on a daily basis, actively supervise the work of their employees, and mandate that all issues concerning the workers' employment – including hours worked and pay received – be authorized and approved by them.

16.     Defendant Keita Sato exercised sufficient control over Hatsuhana's day-to-day operations as to be considered an employer of Plaintiff, under the FLSA and New York Labor Law.

17.     Defendant Kikuzo Shiraishi exercised sufficient control over Hatsuhana's day-to-day operations as to be considered an employer of Plaintiff, under the FLSA and New York Labor Law.

18.     At all times relevant to the allegations herein, Hatsuhana of U.S.A., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the

FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

19.    At all relevant times, Hatsuhana, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

20.    At relevant times, Defendant Hatsuhana, had an annual gross volume of sales in excess of $500,000.

21.    Plaintiff and other similarly situated employees handled food products, beverages, cleaning products, supplies and other goods which traveled interstate and internationally.

22.    Defendants employed Plaintiff to work as a non-exempt food server at Hatsuhana Restaurant, from in or about July 2018 through on or about July 2025.

23.    The work performed by Plaintiff was directly essential to the business operated by Defendants.

24.    Defendants knowingly and willfully failed to pay Plaintiff and others similarly situated, lawfully earned minimum wages in contravention of the FLSA and New York Labor Law.

25.    Defendants knowingly and willfully failed to pay Plaintiff and others similarly situated, lawfully earned overtime compensation in contravention of the FLSA and New York Labor Law.

26.     Defendants knowingly and willfully failed to pay Plaintiff and others similarly situated, lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

27.     At all relevant times, Defendants knowingly and willfully misappropriated tips and / or distributed portions of gratuities to non-food service workers, in contravention of the FLSA and New York Labor Law.

28.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

29.     The individual defendants actively participate in the day-to-day operation of the Restaurants. For instance, the individual defendants personally hire and fire employees at the restaurant, supervise and direct the work of the employees at the restaurant, instruct the employees at the restaurants how to perform their jobs, and create and maintain employment records.

30.     In or about July 2018, defendants hired Plaintiff, Surimass Limsuvanrot, to work at Hatsuhana Restaurant as a non-exempt food server.

31.     Defendants failed to provide Plaintiff with a written wage notice setting forth, among other things, her regular hourly rate of pay, any tip credits taken, and corresponding overtime rate of pay.

32.     Plaintiff worked for Defendants as a food server, until late July 2025. She was employed without interruption between July 2018 and July 2025, except for approximately six (6) months in 2020 when the restaurant was closed due to the Covid-19 pandemic.

33.    Throughout her employment, Plaintiff work schedule consisted of more than (10) hours per day over a split shift from 11:00 a.m. until 3:00 p.m.; and 5:00 p.m. until 10:00 p.m.

34.    Throughout the entirety of her employment, Plaintiff was not paid proper minimum wages. Throughout the entirety of her employment, Plaintiff was paid below minimum wage. Work performed in excess of forty (40) hours per week was not paid at the statutory rate of at least time and one-half the minimum wage, as required by state and federal law.

35.    Defendants failed to provide Plaintiff with accurate weekly wage statements, setting forth Plaintiff's actual working hours, gross wages, deductions or credits, and net wages.

36.    Defendants knowingly and willfully operated their business with a policy of not paying the FLSA and New York State minimum wage to Plaintiff and other similarly situated employees.

37.    Even though Plaintiff was required to use a biometric time-keeping system, Plaintiff was paid according to a schedule and not her actual working hours.

38.    As such, Plaintiff was often paid for less time than she actually worked.

39.    Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA minimum wage and overtime rate (of time and one-half), or the New York State minimum wage and overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

40.    Plaintiff worked in excess of ten (10) hours per shift.

41.     Defendants knowingly and willfully operated their business with a policy of not paying a "spread of hours" premium to Plaintiff and other similarly situated employees, in contravention of the New York State Labor Law and Regulations.

42.     In addition to failing to pay Plaintiff proper minimum wages and overtime compensation, Defendants improperly and unlawfully misappropriated a significant portion of the tips given to Plaintiff.

43.     Specifically, "the house" deducted thirty-three percent (33%) of gratuities given to plaintiff from customers who were seated at a table and paid by credit card; "the house" deducted thirty percent (30%) of gratuities given to plaintiff from customers who were seated at a table and paid by cash;  "the house" deducted fifty-three percent (53%) of gratuities given to plaintiff from customers who were seated at the sushi counter and paid by credit card; and, "the house" deducted fifty percent (50%) of gratuities given to plaintiff from customers who were seated the sushi counter paid by cash.

44.     Defendants kept between thirty percent (30%) and fifty-three percent (53%) of Plaintiff and other similarly situated food servers' gratuities, provided to them by customers.

45.     As a result of Defendants' unlawful policy or withholding a portion of gratuities, which deprived Defendants' tipped employees, including Plaintiff, of their rightful tips, Defendants are not entitled to take any "tip credits" under federal or state law. As such, Defendants were required to pay their tipped employees, including Plaintiff, at the full statutory minimum wage rate.

46.     Plaintiff not provided with an accurate or complete wage statement. She was required to submit her daily gratuities on a "tip sheet" which she filled out; the

restaurant deducted a percentage depending on where the customer was seated. Plaintiff not provided documentation of her actual weekly hours, the hourly rate calculation, any deductions or credits, and compensation. The tip sheet she filled out was retained by the employer.

47.    Plaintiff was not paid for all hours she worked.

48.    Defendants were not and are not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice to all tipped employees, including Plaintiff, that Defendants were taking a "tip credit" in violation of the FLSA and New York Labor Law, and (ii) failed to provide proper wage statements informing tipped employees, including Plaintiff, of the amount of "tip credit" taken for each payment period, and (iii) misappropriated a significant percentage of Plaintiff and other similarly situated employees' gratuities.

## COLLECTIVE ACTION ALLEGATIONS

49.    Plaintiff brings this action individually and as class representative on behalf of herself and all other current and former non-exempt employees who have been or were employed by Defendants for the past six (6) years, through the date that the opt-in period expires as set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage rate and/or the statutory overtime rate of time and one-half (the "Collective Action Members") and who were deprived of their rightful gratuities.

50.    The collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are dozens of Collective Action Members

who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

51.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

52.    This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

53.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, since the damages suffered by some Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

54.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants

have acted on grounds generally applicable to all members.   Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a.    Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b.    Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

c.    What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.    Whether Defendants failed to pay Plaintiff and the Collective Action Members minimum wages, in violation of the FLSA and the regulations promulgated thereunder

e.    Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation, in violation of the FLSA and the regulations promulgated thereunder;

f.    Whether Defendants misappropriated Plaintiff and the Collective Action Members' gratuities, in violation of the FLSA and New York Labor Law and regulations promulgated thereunder;

g.    Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

h.    Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

55.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

56.    Plaintiff and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

57.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "56" of this Complaint as if fully set forth herein.

58.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

59.    At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

60.    At all times relevant hereto, Hatsuhana of U.S.A., Inc., had annual gross revenues in excess of $500,000.

61.    Plaintiff and the Collective Action Members worked hours for which they were was not paid the statutory minimum wage.

62.    Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Collective Action Members for hours worked.

63.    Defendants failed to pay Plaintiff and the Collective Action Members minimum wages in the lawful amount for hours worked.

64.    Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half the minimum wage, for all hours worked in excess of forty, each week.

65.    Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours as provided for in the FLSA.

66.    At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

67.    The FLSA mandates that wages cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the FLSA will not be met where the employee kicks-back directly or indirectly to the employer the whole or part of the wage delivered to the employee. 29 C.F.R. § 531.35.

68.    Defendants knowingly and willfully violated the FLSA by misappropriating tips from Plaintiff and the Collective Action members.

69.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and

one-half for all hours worked in excess of forty (40) hours per week when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation, would financially injure Plaintiff and the Collective Action Members.

70.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

71.     Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

72.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages.

73.     Due to the unlawful acts of Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages, overtime compensation, misappropriated tips, an equal amount as liquidated damages, and prejudgment interest thereon.

74.     Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

75.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "74" of this Complaint as if fully set forth herein.

76.     Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

77.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

78.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

79.     Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

80.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums to Plaintiff and the collective action members, for each day their work shift exceeded ten (10) hours, pursuant to New York State Department of Labor Regulations.

81.     The New York Labor Law prohibits an employer from making any deductions from wages, other than standard deductions for taxes. N.Y. Lab. Law § 193.

82.     The New York Labor Law also prohibits employers from receiving "kickbacks" from their employees. N.Y. Lab. Law § 198-b.

83.     Defendants regularly obtained kickbacks from Plaintiffs by demanding and retaining gratuities from Plaintiff in violation of the New York Labor Law. N.Y. Lab. Law § 196-d.

84.     Defendants failed to properly disclose or apprise Plaintiff of her rights under the New York Labor Law.

85.     Defendants failed to furnish Plaintiff with a statement with every payment of wages listing actual working hours, gross wages, deductions and credits taken, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

86.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

87.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

88.     Defendants failed to notify Plaintiff in writing at the time of hire or thereafter of her regular hourly rate of pay, her corresponding overtime rate of pay, and her regularly designated payday, in contravention of New York Labor Law § 195(1).

89.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid minimum wages; unpaid overtime wages; unpaid "spread of hours" premiums; unpaid and misappropriated tips; damages for unreasonably delayed payment of wages; reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

90.     Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory damages pursuant to the New York State Wage Theft Prevention Act.

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

91.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "90" of this Complaint as if fully set forth herein.

92.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

93.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

94.     Defendants did not provide Plaintiff, with an accurate written statement properly accounting for her actual hours worked, and setting forth her true hourly rate of pay, regular wages, and credits taken.

95.     Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours Plaintiff worked and the failed to properly notify her of credits taken, in order to avoid paying her for his full hours worked; and, overtime due.

96.     Defendants disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate timesheets and payroll records.

97.    Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

98.    Plaintiff was not provided with true and accurate wage statements and annual wage notices, as required by law.

99.    By failing to provide a wage notice and weekly wage statement, identifying her actual hours worked, Defendants prevented Plaintiff from determining and seeking payment for the precise number of unpaid hours and, therefore, prevented Plaintiff from promptly and precisely raising issues of underpayment with her employers. As a result, Plaintiff was harmed by being deprived of income for longer than she would have been had he been able to raise the issue earlier and without a weekly accounting and will likely never receive adequate compensation for all the hours she worked.

100.    As a result of Defendants' violations of New York Labor Law § 195(1), Plaintiff may recover statutory penalties, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-b).

101.    As a result of Defendants' violations of New York Labor Law § 195(3), Plaintiff may recover statutory penalties for each work week Defendants failed to provide Plaintiff with wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

102.    Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Surimass Limsuvanrot, on behalf of herself and similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

(a)    An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)    An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)    An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(d)    An award of unpaid misappropriated tips in violation of federal and state law;

(e)    An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, misappropriated tips, and "spread of hours" premium pursuant to the FLSA, New York Labor Law and the New York State Wage Theft Prevention Act;

(f)    An award of statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(g)    An award of prejudgment and post-judgment interest;

(h)    An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and

(i)      Such other and further relief as this Court determines to be just and proper.

<b><u>JURY DEMAND</u></b>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests

a trial by jury on all issues.

Dated: New York, New York
   October 6, 2025

        Respectfully submitted,

        CILENTI & COOPER, PLLC
        **Counsel for Plaintiff**
        60 East 42nd Street - 40th Floor
        New York, NY 10165
        T.  (212) 209-3933
        F.  (212) 209-7102

By:  _____
        Peter Hans Cooper, Esq.

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:     Keita Sato and Kikuzo Shiraishi

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Surimass Limsuvanrot intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Hatsuhana of U.S.A., Inc., for all debts, wages and / or salaries due and owing to her as laborers, servant, and / or employee of said corporation, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as her attorney, to make this demand on her behalf.

Dated: New York, New York
        October 6, 2025

                                   Respectfully submitted,

                                   CILENTI & COOPER, PLLC
                                   **Counsel for Plaintiff**
                                   60 East 42nd Street - 40th Floor
                                   New York, NY 10165
                                   T.  (212) 209-3933
                                   F.  (212) 209-7102

        By:     _____
                        Peter Hans Cooper, Esq.

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Surimass Limsuvanot_, am an individual currently or formerly employed by

_Hatsuhana of USA._ and/or related entities.  I consent to be a plaintiff in

the above-captioned action to collect unpaid wages.

Dated: New York, New York
    _October 2_, 2025

_____